C/H

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X     NOT FOR PUBLICATION
AKUBE WUROMONI NDOROMO a/k/a
AKIUBER NDOROMO JAMES,

                         Petitioner,

         -against-

ERIC H. HOLDER, JR., United States Attorney
General, and DUKE TERRELL, Warden,
Metropolitan Detention Center,

                        Respondents.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**

09 Civ. 5686 (BMC)

COGAN, District Judge:

On December 23, 2009, petitioner Akube Wuromoni Ndoromo, a/k/a Akiuber Ndoromo James, who is currently incarcerated at the Metropolitan Detention Center ("MDC") in Brooklyn, New York, filed the above-captioned Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("§ 2241"). For the following reasons, the petition is transferred to the United States District Court for the District of Columbia. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order.

The instant submission initially consisted of two separate petitions, each dated and signed by petitioner, but stapled together and submitted together with a single set of exhibits and a single request to proceed *in forma pauperis*. The Court has determined that the petitions should be considered separately as they seek different forms of relief available under different provisions of the Judicial Code, each of which has a restrictive jurisdictional grant limited to a particular district. Accordingly, the second petition was severed and assigned docket number 09-CV-05741 (BMC). The Court has dismissed that second petition by separate Order.

The first (instant) petition appears to challenge the validity of petitioner's criminal conviction entered on November 18, 2008 in the United States District Court for the District of Columbia. United States v. James, 06-cr-00019 (D.D.C.). Such a challenge is properly brought as a writ of habeas corpus pursuant to 28 U.S.C. § 2255 but must be brought in the district court which imposed the sentence. See e.g. Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir. 2002) ("A petitioner may attack the execution of his sentence through § 2241 in the district where he is incarcerated; a challenge to the validity of the sentence itself must be brought under § 2255 in the district of the sentencing court."). Although this Court could simply dismiss this case for lack of subject matter jurisdiction, it will exercise its discretion to transfer it to the court where jurisdiction is proper. See Miller v. Hambrick, 905 F.2d 259 (9th Cir. 1990); Jimenez v. Miller, 950 F. Supp. 489 (N.D.N.Y. 1997).

Accordingly, the Clerk of Court is directed to transfer this case to the United States District Court for the District of Columbia, pursuant to 28 U.S.C. § 1631. The decisions as to how to characterize the petition and whether petitioner has met the gate-keeping requirements of 28 U.S.C. § 2244 and § 2255 are reserved for the transferee court. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/Signed by Judge Brian M. Cogan/
_____
U.S.D.J.

Dated: Brooklyn, New York
January 20, 2010